**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**DAVID RAY CONLEY,**

        **Plaintiff,**

      **v.**                                        **Civil Action No.  3:22cv371**

**DR. BHAT,** *et al.*,

        **Defendants.**

## <u>MEMORANDUM OPINION</u>

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.  In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States.  *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).  Plaintiff's current allegations fail to identify the particular constitutional right that was violated by each defendant's conduct or provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, by Memorandum Order entered on October 31, 2022, the Court directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof. (ECF No. 17, at 2.)  The Court warned Plaintiff that the failure to submit a particularized complaint would result in the dismissal of the action.  (ECF No. 17, at 2.)

More than thirty (30) days have elapsed since the entry of the October 31, 2022 Memorandum Order.   Plaintiff has failed to submit a particularized complaint or otherwise

respond to the October 31, 2022 Memorandum Order.  Accordingly, the action will be

DISMISSED WITHOUT PREJUDICE.

      An appropriate Final Order will accompany this Memorandum Opinion.


Date:  12/19/2022
Richmond, Virginia

          M. Hannah Lauck
          United States District Judge